IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAVIN MENEZES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Case No. 1:25-cv-08478<br><br>District Judge:   Thomas M. Durkin<br><br>Magistrate:   Jeffrey T. Gilbert |

**DEFENDANT'S OPPOSED MOTION TO TRANSFER VENUE,
AND IN THE ALTERNATIVE, DISMISS COUNTS I, II AND III**

Defendant United Airlines, Inc. ("United"), by and through its attorneys, Littler Mendelson P.C., respectfully moves this Court to transfer Plaintiff's Complaint to the United States District Court for the Southern District of Texas, Houston Division (the "Southern District of Texas") pursuant to 28 U.S.C. § 1404(a), and to dismiss Counts I, II, and III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"). In support of its Motion, United states as follows:

1. Pursuant to this Court's standing Order, counsel for United conferred with Counsel for Plaintiff regarding United's intention to file this Motion who, via email on October 1, 2025, objected to the relief sought herein. Thus, the Parties propose the following Agreed Briefing Schedule: Plaintiff is to submit his Response Brief by November 5, 2025; Defendant is to submit its Reply Brief by November 26, 2025.

2. Plaintiff brings this action against United claiming that it (1) discriminated against him based on his South Asian race and also because of his Indian national origin; and (2) retaliated against him for engaging in unspecified protected activity, allegedly in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII") (Count I), the Illinois Human Rights Act, 775 ILCS 5/101 *et seq.* ("IHRA") (Count II), and under the Civil Rights Act of 1866, 42

U.S.C. § 1981 ("Section 1981") (Count III).

3. As set forth in Defendant's Memorandum of Law in Support of its Motion ("Memorandum"), the Southern District of Texas is the most convenient forum because this is an action by a Houston, Texas resident concerning alleged injuries arising out of his employment in Texas and involving individuals who live and are employed by United in Texas. None of the relevant witnesses, including Plaintiff, work or reside in Illinois. Plaintiff filed his Charge with the Equal Employment Opportunity Commission ("Charge") in its Houston, Texas District office, which also issued the Dismissal and Notice of Rights. For these reasons and as set forth in United's Memorandum, Illinois has no relevant connection to this lawsuit and the Southern District of Texas is the most convenient forum based on the Section 1404(a) factors. *See* 28 U.S.C. § 1404(a). Therefore, this Court should transfer Plaintiff's lawsuit to the Southern District of Texas.

4. In the alternative if this Court does not transfer this action to the Southern District of Texas, this Court should dismiss: (1) the retaliation claims in Counts I-II because Plaintiff failed to exhaust his administrative remedies, as he does not reference retaliation in his Charge; (2) Count II (alleging IHRA-based claims) in full because Plaintiff did not file a Charge with the Illinois Department of Human Rights and thus did not exhaust administrative remedies related to these claims; and Count III (race discrimination and retaliation under Section 1981) because Plaintiff did not allege that his race or race-related protected activity is the "but for" cause of the alleged discrimination and retaliation.

5. The facts, arguments, authorities, and exhibits in support of this Motion are set forth in United's Memorandum, which is being filed contemporaneously and incorporated herein by reference.

**WHEREFORE** for all the reasons set forth in the Memorandum, Defendant respectfully requests that this Court transfer Plaintiff's Complaint to the Southern District of Texas, and in the alternative, if the Court does not transfer this action in the interest of convenience—Defendant respectfully requests that this Court dismiss Counts I, II, and III of Plaintiff's Complaint pursuant to Rule 12(b)(6).

Dated: October 1, 2025

Respectfully submitted,

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

/s/ *Jeremy E. Miller*
Shanthi V. Gaur, Bar No. 06224996
sgaur@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
Jeremy E. Miller, Bar No. 6342423
jeemiller@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone:    312.372.5520
Facsimile:    312.372.7880

*Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

On October 1, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record, including the below, electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Fedor Kozlov
The Law Office of Fedor Kozlov, P.C.
1990 E. Algonquin Road, Suite 100
Schaumburg, IL 60173
fedor@nslslaw.com

*/s/ Jeremy Miller*
*One of Defendant's Attorneys*
